AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | JUDGMENT AFTER REMAND |
| --- | --- |
| V. | (For Offenses Committed On or After November 1, 1987) |
| JOSE HERNANDEZ (3) | Case Number: 3:18-CR-03424-LAB |
| | Gary Paul Burcham |
| | Defendant's Attorney |

**USM Number** 80867-298

☒ Correction of Sentence on Remand (Fed. R. Crim. P. 35); Previously Imposed Sentence is Hereby Set Aside and Vacated

THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☒ was found guilty on count(s) 1 and 2 of the Third Superseding Indictment
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

**Title and Section / Nature of Offense** | **Count**
18:922(g)(1); 18:924(d),28:2461(c) – Felon in Possession of a Firearm; Criminal Forfeiture | 1ss
18:1951; 18:2; 18:924(d), 28:2461(c) – Attempted Hobbs Act Robbery; Aiding and Abetting; Criminal Forfeiture | 2ss

The defendant is sentenced as provided in pages 2 through __5__ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) remaining are dismissed on the motion of the United States.

☒ Assessment: $200.00
  –

☐ JVTA Assessment*: $ -

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine   ☒ Forfeiture pursuant to order filed   8/5/2019   , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

April 10, 2023
Date of Imposition of Sentence

*Larry A. Burns* (signature)
HON. LARRY ALAN BURNS
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | JOSE HERNANDEZ (3) | Judgment - Page **2** of **5** |
| CASE NUMBER: | 3:18-CR-03424-LAB | |

# **IMPRISONMENT**

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Counts 1ss and 2ss: 87 months, each count concurrent to run concurrently to USDC for the Southern District of CA, case no. 18CR4217-LAB

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:
PARTICIPATE IN THE RESIDENTIAL DRUG ASSESSMENT PROGRAM AND CHALLENGE PROGRAM. JUDICIAL RECOMMENDATION FOR MAXIMUM PLACEMENT IN RRC/RELEASE AT EARLIEST DATE POSSIBLE. WESTERN REGION DESIGNATION.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:

  ☐ at _____ A.M. on _____

  ☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ on or before

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# **RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____ DEPUTY UNITED STATES MARSHAL

3:18-CR-03424-LAB

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | JOSE HERNANDEZ (3) | Judgment - Page **3** of **5** |
| CASE NUMBER: | 3:18-CR-03424-LAB | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
Count 1ss and 2ss: 3 years, each count concurrent to run concurrently to USDC for the Southern District of CA, case no. 18CR4217-LAB

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | JOSE HERNANDEZ (3) | Judgment - Page **4** of **5** |
| CASE NUMBER: | 3:18-CR-03424-LAB | |

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision.  These conditions are imposed   because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation   officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. As an alternative to employment as described in this condition, the defendant may seek and maintain full time schooling or a combination of employment and schooling.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | JOSE HERNANDEZ (3) | Judgment - Page **5** of **5** |
| CASE NUMBER: | 3:18-CR-03424-LAB | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Not enter or reside in the Republic of Mexico without permission of the court or probation officer.
2. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.
3. Submit to a search of person, property, house, residence, office, vehicle, papers, cellular phone, computer or other electronic communication or data storage devices or media effects, conducted by a United States Probation Officer or any federal, state, or local law enforcement officer, at any time with or without a warrant, and with or without reasonable suspicion. Failure to submit to such a search may be grounds for revocation; you shall warn any other residents that the premises may be subject to searches pursuant to this condition.
4. Must not associate with any person who you know, or who a probation officer or other law enforcement officer informs you is a criminal street gang member or any other known criminal street gang member or known participant in a criminal street gang, unless given permission by the probation officer.
5. Enroll in and successfully complete a six-month residential drug program as directed by the probation officer.
6. Participate in a cognitive behavioral treatment program as directed by the probation officer, and if deemed necessary by the probation officer. Such program may include group sessions led by a counselor, or participation in a program administered by the probation office. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

//

3:18-CR-03424-LAB



**FORFEITURE ADDENDUM**

U.S. v. JOSE HERNANDEZ, 18CR3424-LAB, Defendant's conviction will include forfeiture. This forfeiture addendum is incorporated into, and is a part of the Defendant's plea agreement, and the additional terms and warnings below apply. In addition to the penalties set forth in the plea agreement, the Defendant understands that forfeiture of property is a mandatory part of the sentence to be imposed for the offense this case.

A. PROPERTY SUBJECT TO FORFEITURE

In addition to pleading guilty to the Indictment, as set forth in Section I of the main agreement, Defendant agrees to forfeit to the United States all property seized in connection with this case including all firearms and ammunition involved in the commission of the offense, including but not limited to:

a) a Sig Sauer P229, bearing serial number aju05624

b) Ruger P89 DC, bearing serial number 309-03515

c) Smith and Wesson 659, bearing serial number a834372

d) RG revolver, bearing serial number IB100885

e) A Black LG cell phone S/N 806VTFW278403

B. BASES OF FORFEITURE

Defendant agrees to forfeit to the United States all properties seized in connection with this case, which the Defendant agrees are subject to forfeiture pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

C.  IMMEDIATE ENTRY OF PRELIMINARY ORDER OF FORFEITURE

Defendant consents and agrees to the immediate entry of a preliminary order of forfeiture upon entry of the guilty plea. Defendant further agrees that upon entry of the preliminary order of forfeiture, such order will be considered final as to defendant's interests in the property described above.

In addition, Defendant agrees to immediately withdraw any claims to any and all properties seized in connection with this case in any pending administrative or civil forfeiture proceedings, and consents to and agrees to not contest the forfeiture of all properties seized in connection with this case. Defendant agrees to execute any and all documents requested by the Government to facilitate or complete the forfeiture process(es). Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of any properties seized in connection with this case in the forfeiture proceedings ancillary to this criminal case, and in any related administrative and civil forfeiture proceeding.

D.  ENTRY OF ORDERS OF FORFEITURE AND WAIVER OF NOTICE

Defendant consents and agrees to the entry of orders of forfeiture for all properties and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant

- 2 -    Def. Initials JH

of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty pleas.

    E.    WAIVER OF CONSTITUTIONAL AND STATUTORY CHALLENGES

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

    F.    AGREEMENT SURVIVES DEFENDANT; NO FORFEITURE ABATEMENT

Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

- 3 -    Def. Initials JH

1  The defendant understands that the main plea agreement and this
2  forfeiture addendum embody the entire plea agreement between the
3  parties and supersedes any other plea agreement, written or oral.

5  5/7/15
   Date
   JOSE HERNANDEZ
   Defendant

7  Acknowledgment by Counsel:

9  5/7/19
   Date
   KNUT JOHNSON
   Defense Counsel

11  8/5/19
12  Date
   TODD ROBINSON
   Assistant U.S. Attorney

- 4 -  Def. Initials JH